NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE RUBICEL CAMPO-ORTIZ, | No. 08-73908 |
| Petitioner, | Agency No. A075-891-084 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010**
San Francisco, California

Before: BEEZER and GRABER, Circuit Judges, and CARNEY,*** District Judge.

Petitioner Jorge Rucibel Campo-Ortiz petitions for review from the Board of

Immigration Appeals' denial of his claim that he meets the requirements of the

applicable naturalization statute, 8 U.S.C. § 1432 (1999) (repealed 2000).

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Reviewing de novo, Retuta v. Holder, 591 F.3d 1181, 1184 (9th Cir. 2010), we deny the petition for review.

Petitioner does not meet the plain-text requirements of § 1432(a)(5), because he was not a lawful permanent resident "at the time of the naturalization of" his mother, and because he did not become a lawful permanent resident "while under the age of eighteen years." See also Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1062 (9th Cir. 2008) (clarifying the requirements defined by this statutory subsection). Petitioner's claim of derivative citizenship therefore fails.

Although we have imputed a parent's lawful permanent resident status to a child for purposes of cancellation of removal, Cuevas-Gaspar v. Gonzales, 430 F.3d 1013 (9th Cir. 2005), and Mercado-Zazueta v. Holder, 580 F.3d 1102 (9th Cir. 2009), we did so in large part because of an ambiguity in the statute. Unlike in those cases, where the cancellation-of-removal statute refers broadly to "an alien," the plain text of this naturalization statute is crystal clear with respect to who must have what status and when. The naturalization statute refers specifically to "the parent" and "the child," and it plainly states that the "child" must have permanent resident status during the required time frame (at any time between the mother's naturalization and the child's eighteenth birthday). 8 U.S.C. § 1432(a)(5) (emphasis added). There is no ambiguity for us to interpret.

**Petition DENIED.**

2